**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MAXIE SMITH,

    Petitioner,

v.                                                    Case No. 8:02- CV-1988-T-30EAJ

JERRY G. RABION, et al.,

    Respondents.

_____/

**O R D E R**

This cause is before the Court on Petitioner's Objection to Magistrate Report and Recommendation (Dkt. 29). Petitioner's reliance on 28 U.S.C. § 636(b)(1) as legal authority for his request that the Court reconsider its order denying his petition for federal habeas relief is misplaced. Section 636(b)(1) provides that failure of a party to file written objections to the proposed findings and recommendation contained in a federal magistrate's report within ten days from the date of its service bars an aggrieved party from attacking the magistrate's factual findings on appeal. *Id.* Because he is seeking reconsideration of an order entered by the undersigned, there are two vehicles by which Petitioner may be seeking relief: Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b).

Petitioner asks the Court to reconsider the merits of his § 2254 petition. In a recent decision addressing the substantive conflict between the Federal Rules of Civil Procedure and the statutes governing federal habeas relief, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Supreme Court held that a Rule 60(b) motion for relief from judgment seeking to advance one or more substantive claims qualifies as a second or successive habeas corpus petition. *Gonzalez v. Crosby*, __ U.S. __, 125

S.Ct. 2641, 2647-48 (2005). Since Petitioner's request for reconsideration is the functional equivalent of a second or successive petition under the test set forth in *Gonzalez, supra*, the applicable terms of the AEDPA apply regardless of how the document is styled. *See Aird v. United States*, 339 F.Supp.2d 1305, 1309 (S.D. Ala. 2004) (finding that the rationale for deciding whether a Rule 60(b) motion for reconsideration should be treated as a second or successive habeas petition should extend to encompass Rule 59(e) motions).

Because Petitioner's request for reconsideration attacks the substance of the Court's resolution of his habeas claims on the merits, it lacks jurisdiction to entertain the request without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b)(3); *Gonzalez v. Crosby*, __ U.S. __, 125 S.Ct. at 2649 ("a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition" (emphasis in original)).

ACCORDINGLY, the Court **ORDERS** that:

1. The Objection to Magistrate Report and Recommendation (Dkt. 29), which the Court construes as a motion for reconsideration, is **DISMISSED** for lack of jurisdiction.

2. The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b).

**DONE** and **ORDERED** in Tampa, Florida on January 6, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record

SA:jsh