**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MAXIE SMITH,

    Petitioner,

v.                                                            Case No. 8:02- CV-1988-T-30EAJ

JERRY G. RABION, et al.,

    Respondents.

_____/

## **O R D E R**

This matter comes before the Court for consideration of Petitioner's Notice of Appeal (Dkt. 32) of the December 19, 2005 decision denying his petition for relief under 28 U.S.C. § 2254, *see* Dkt. 27, an Application for [a] Certificate of Appealability ("COA") (Dkt. 33) pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. § 2253,[2] and a Motion for Leave to Appeal *In Forma Pauperis* (Dkt. 34) and an affidavit submitted in support thereof (Dkt. 35).

While issuance of a COA does not require a showing that the appeal will succeed, more than the absence of frivolity or the presence of good faith is required for a petitioner to clear this hurdle. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Under the controlling

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

standard for issuance of a COA where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).

In his petition, Petitioner challenged his 1999 convictions for burglary of a dwelling, battery on a law enforcement officer, and obstructing or opposing an officer with violence. The Court addressed Petitioner's claims on the merits.  Because Petitioner has failed to demonstrate that reasonable jurists would find the Court's assessment of the Petition debatable or wrong, he has failed to satisfy the two-prong *Slack* test.  529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that:

1. The Application for [a] Certificate of Appealability (Dkt. 33) is **DENIED**.

2. The Motion for Leave to Appeal *In Forma Pauperis* (Dkt. 34) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on January 31, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record

SA:jsh